BOUTIQUE FOR WOMEN, INC., an
Illinois corporation, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 84 C 3380.

United States District Court,
N.D. Illinois, E.D.

April 29, 1985.

Robert Weber, Highland Park, for plaintiff.

Jeffrey N. Kaplan, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Gregory C. Jones, Acting U.S. Atty. by James P. White, Asst. U.S. Atty., Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

This action was brought by the Boutique for Women (plaintiff) seeking a refund for federal payroll taxes withheld and paid to the United States of America (defendant). Before the Court are the parties' cross-motions for summary judgment. The main issue before the Court is whether the plaintiff is entitled to a refund of certain payroll and income taxes paid plus interest and penalties because the wages taxed were never paid. For the reasons stated below, this Court denies the plaintiff's claim for refund, and grants defendant's motion for summary judgment.

I. FACTS

The facts in this case are undisputed. The plaintiff is a clothing store which was in full operation during the years in question, 1977, 1978 and 1979. Because the plaintiff had at least one employee, it was required by law to withhold and match certain taxes, namely Social Security taxes and federal income taxes. During the three years in question, the plaintiff filed the appropriate corporate tax returns (Forms 941), although the returns were sometimes filed late and even paid late. Late filings and payments resulted in the assessed interest and penalties which are in question.

On November 7, 1982, the plaintiff filed amended Forms 941 for quarters March, September and December 1977, March, June, September and December 1978, and March, June and December 1979. The plaintiff's reason for amending was that the prior returns were not prepared correctly.

On the amended returns, the plaintiff claimed overpayment of $12,578.56 in total. The figure represented a refund of income taxes withheld, the employer's and employee's portion of Social Security taxes, and interest paid on late payments. The total claimed refund also included penalties for bad checks, for failure to timely deposit withheld taxes, for late payment of taxes,

and for late filing of tax returns. Breaking down the claimed overpayment, $7,690.81 applied to interest and penalty and $4,887.75 applied to income and Social Security taxes withheld: income tax withheld, $2,671.14; employee's FICA, $1,108.31; employer's FICA, $1,108.30.

Of the $4,887.75 claimed overpayment, $4,551.10 is traced to checks made to an employee who also serves as president and is sole shareholder of the plaintiff corporation. The controversy lies in the payroll checks made out to this employee/sole shareholder, Rita Eisenstat. She claims that no tax should be paid on her salary checks since she never cashed all of the checks because her store did not have sufficient funds to pay the checks.

## II. DISCUSSION

Under 26 U.S.C. § 3402, every employer who pays wages is required by law to deduct and withhold from those wages the estimated income tax liability of each employee. The plaintiff acknowledges that the checks were made out to Rita Eisenstat and the appropriate taxes withheld. However, since Eisenstat never cashed the checks due to the fact that her store did not have sufficient funds to cover her wages, she claims that the taxes should not have been withheld.

Besides requiring an employer to withhold the appropriate taxes, Tres.Reg. § 31.-3402(a)(1) defines when wages are constructively received. The regulation states:

(b) The employer is required to collect the tax by deducting and withholding the amount thereof from the employee's wages as and when paid, either actually or constructively. Wages are constructively paid when they are credited to the account of or set apart for an employee so that they may be drawn upon by him at any time although not then actually reduced to possession. To constitute payment in such a case, the wages must be credited to or set apart for the employee without any substantial limitation or restriction as to the time or manner of

payment or condition upon which payment is to be made, and must be made available to him so that they may be drawn upon at any time, and their payment brought within his own control and disposition.

The regulation supports the conclusion that even on wages "constructively paid ... although not then actually reduced to possession," the employer must withhold the appropriate tax. Treas.Reg. § 31.3402. In accordance with the regulation, Eisenstat's wages were "set apart ... without any substantial limitation or restriction." Tres.Reg. § 31.3402. As sole shareholder, Eisenstat was free to pay whatever expenses she deemed appropriate. In 1977, with a gross profit of over $40,000, Eisenstat chose not to burden the corporation by demanding payment of her salary checks. Instead, she chose to wait in the hope that through the normal course of business, the checks would be able to be cashed.

Although Tres.Reg. § 31.3402(a)(1) indicates that the plaintiff "constructively paid" wages to Eisenstat and therefore was required to pay the corresponding withholding taxes for employee wages, plaintiff corporation still maintains that a refund is due. If more than the correct amount of income tax is withheld under I.R.C. § 3402, I.R.C. § 6414 prescribes a rule as to the circumstances under which an overpayment may be credited or refunded.

Under I.R.C. § 6414, a refund is allowed to an employer if the employer pays more than the correct amount of tax under I.R.C. § 3402 or any interest or penalty with respect to such tax. Treasury Regulation § 31.6414–1 goes further to state: "No refund or credit to the employer is allowed for the amount of any overpayment of tax which the employer deducted or withheld from an employee." Treas.Reg. § 31.6414–1; see also I.R.C. § 6414. Here, the employer is not allowed a refund of income taxes withheld because the employee receives a credit on his/her tax return for the same withholdings under I.R.C. § 31. If the employee receives a credit on his/her

tax return, the employer cannot also subsequently receive a refund for amounts withheld. The issued checks and exhibits showing amounts of income taxes deducted suggest that too much tax was withheld. However, although a greater tax was withheld from the employee than should have been, I.R.C. § 31 allows for the employee to get full credit for the amounts deducted and withheld. Therefore, since an employer refund under § 6414 is not mandated when an employee does not cash his/her wage check or the check is dishonored and since the employees (Eisenstat included) received a credit for those amounts deducted under I.R.C. § 31, the plaintiff corporation is not entitled to a refund of income taxes withheld.

As previously discussed, the liability of an employer to withhold income taxes arises as soon as the wages are actually or constructively paid to the employee. See Treas.Reg. § 31.3402(a)(1). Also, an employer's duty to withhold an employee's portion of the Social Security tax attaches at the time wages are actually or constructively paid. Treas.Reg. § 31.3402(a)(1), Treas.Reg. § 31.3121(a)(2). The employer's liability for its portion of Social Security taxes also arises at the time the wages are paid to the employee. Treas.Reg. § 31.-3111-3 and § 31.3121(a)(2).

In the instant case, the Court can only conclude that the plaintiff became liable for the payroll tax as soon as its sole shareholder/employee Eisenstat constructively or actually received her paycheck. For this Court to interpret the applicable Treasury regulations as allowing the plaintiff to make the determination of when a payroll tax becomes due, *i.e.* also making the IRS guess when wages are actually paid or checks honored, would effectively controvert any system of uniform and consistent tax collection and regulation interpretation. Therefore, the plaintiff's argument that a payroll tax did not attach because the corporation had no money to pay the checks also fails. The Treasury Regulations already mentioned set forth that the liability of the employer (the plaintiff) attached when the check was issued to the employee (Eisenstat) and not when the employee endeavored to cash the check.

The 1978 annual tax return shows that besides a gross profit of over $40,000, the plaintiff expended over $20,000 on business improvements. Again, the plaintiff continued to make out payroll checks to Eisenstat during 1978, later claiming that they were not cashed for lack of funds and consequently no payroll tax liability should attach. This Court's interpretation of the applicable Treasury Regulations that the payroll tax liability attaches at the moment the wages are received actually or constructively by the employee and not as decided by each individual employer is supported by case law and IRS revenue rulings. Preferring to leave money in the business for creditors and the "good of the business" and not drawing on the salary checks does not negate payment of the wages. *Emlen v. Social Security Board,* 148 F.2d 927 (3d Cir.1945). In the present case, because the corporation still operates, Eisenstat may still collect on the checks not already cashed, as noted in Revenue Ruling 71–525. In that ruling, the IRS found that the fact that a situation arises which necessitates the cancellation of a paycheck and issuance of another "does not affect the liability of the employer to withhold on the employee's compensation ..." Rev.Rul. 71–525. To ask that the government go beyond the face of the check is too great a burden for the government to bear.

Therefore, for all reasons mentioned, the Court finds that the liability for the payroll taxes attached at the time the wages were actually or constructively paid and as a result, the plaintiff's request for a refund of employer's payroll taxes and employee Social Security taxes is denied.

Also, the plaintiff seeks a refund of interest and penalties paid. However, the Court only need look as far as the Internal Revenue Code to reject the plaintiff's request. Since the plaintiff violated I.R.C. §§ 6651, 6656, and 6657 by either filing late or remitting bad checks, the interest and penalties cannot be refunded. The interest

and penalty fines must be upheld as a means of underscoring the importance of meeting governmental tax deadlines.

Lastly, the Court denies plaintiff's claim for refund for the quarters ending March 31, 1977. The Internal Revenue Code at Section 7422(a) disallows a suit for refund unless an actual claim for refund has been filed. To be classified as filed, a claim for refund must be filed "within three years from the time the return was filed or two years from the time the tax was paid, whichever expires later." I.R.C. § 6511(a). Here, the quarterly return for March 31, 1977 was filed on April 22, 1977, and the claim for refund was filed on November 8, 1982. Clearly, the claim for refund of the quarter ending March 31, 1977 is barred under I.R.C. § 6511(a).

### III. CONCLUSION

Accordingly, the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.